UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL R. MCGONIGLE,<br><br>　　　　　Defendant | Criminal No. 21-10181-NMG<br><br>Violations:<br><br><u>Counts One-Three</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Count Four</u>: Mail Fraud<br>(18 U.S.C. § 1341)<br><br><u>Count Five</u>: Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1))<br><br><u>Count Six</u>: Investment Adviser Fraud<br>(15 U.S.C. §§ 80b-6 and 80b-17)<br><br><u>Counts Seven-Eight</u>: Money Laundering<br>(18 U.S.C. § 1957)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br><u>Money Laundering Forfeiture Allegation</u>:<br>(18 U.S.C. § 982(a)(1)) |

<u>SUPERSEDING INDICTMENT</u>

At all times relevant to this Superseding Indictment:

<u>General Allegations</u>

1.　　The defendant, PAUL R. MCGONIGLE, was a resident of Middleboro, Massachusetts.

2.　　Until November 16, 2020, MCGONIGLE was a registered broker providing investment advisory services to clients under the name Integrated Financial Services ("IFS"). On

1

or about that date, the Financial Industry Regulatory Authority (FINRA) barred MCGONIGLE from acting as a broker or otherwise associating with a broker-dealer firm.

3. Victim 1 was a resident of Lakeville, Massachusetts.

4. Victim 2 was a resident of Boynton Beach, Florida.

5. Victim 3 was a resident of Lakeville, Massachusetts.

6. Victim 4 was a resident of Onset, Massachusetts.

7. Victim 5 was a resident of North Easton, Massachusetts.

8. Nassau RE was an annuity company based in Hartford, Connecticut.

9. Athene Annuity and Life Company ("Athene") was an annuity company based in Des Moines, Iowa.

10. Nationwide Mutual Insurance Company ("Nationwide") was an annuity company based in Columbus, Ohio.

Scheme to Defraud

11. Beginning no later than February 2015 and continuing through in or about May 2021, MCGONIGLE engaged in a scheme and artifice to defraud and to obtain money and property from clients by causing unauthorized withdrawals from their annuities and by inducing clients to give him money to invest for them, which he then used for personal and business expenses.

12. As part of his scheme to defraud,

   a. MCGONIGLE represented to his clients that he was in the business of providing financial advisory services and would help them to grow their investments. MCGONIGLE's clients trusted him to conduct transactions in their best interest;

b.  MCGONIGLE caused his clients' annuity accounts to be surrendered for the purpose of misappropriating the proceeds for his own use. MCGONIGLE's clients did not authorize these surrenders, and MCGONIGLE did not disclose them to his clients;

c.  MCGONIGLE posed as clients on calls with annuity companies and forged clients' signatures on surrender request forms, checks, and other documents to enable him to misappropriate their funds;

d.  MCGONIGLE induced clients to sign documents requesting the surrender of their annuities and to transfer funds to him by falsely representing that the transactions were for the clients' benefit, when in fact MCGONIGLE intended to and did misappropriate those funds for his own personal use; and

e.  MCGONIGLE caused checks representing the proceeds of his clients' annuities to be mailed to himself.

f.  To avoid detection, MCGONIGLE often misappropriated funds in accounts of clients who were elderly or in poor physical and mental health.

13.  In this fashion, MCGONIGLE improperly converted for his personal use at least $1.4 million from the accounts of at least 15 clients, including the clients described below.

*Victim 1*

14.  On or about July 31, 2018, MCGONIGLE faxed a Partial Surrender/Withdrawal Request for $23,000 from an annuity account in Victim 1's name, ending in 6146, to Nassau RE in Albany, New York. Victim 1 had dementia and did not authorize the withdrawal. MCGONIGLE caused the funds from the withdrawal to be mailed to IFS in Raynham, Massachusetts.

15. On or about August 7, 2018, MCGONIGLE deposited Victim 1's funds into a bank account MCGONIGLE controlled at Rockland Trust and wrote a check for $4,995 to Victim 1. Victim 1 never received the remainder of the funds.

*Victims 2 and 3*

16. On or about April 13, 2020, MCGONIGLE faxed a Partial Surrender/Withdrawal Request for $60,000 from an annuity account in Victim 2's name, ending in 7176, to Nassau RE in Albany, New York. While Victim 2 had discussed with MCGONIGLE that he needed to take a required minimum distribution from his annuity given Victim 2's age, Victim 2 did not authorize MCGONIGLE to withdraw more than the required minimum distribution amount. MCGONIGLE caused the funds from the withdrawal to be mailed to IFS in Raynham, Massachusetts.

17. On or about April 23, 2020, MCGONIGLE deposited Victim 2's funds into an account MCGONIGLE controlled at Rockland Trust. MCGONIGLE did not send these funds to Victim 2.

18. In or about September 2020, Victim 2 confronted MCGONIGLE about the missing funds.

19. On or about October 28, 2020, MCGONIGLE caused a check for $6,000, drawn on the account MCGONIGLE controlled at Rockland Trust, to be mailed via FedEx from Middleboro, Massachusetts to Victim 2 in Boynton Beach, Florida. In the memo line on the check, MCGONIGLE wrote "RMD," an abbreviation for "required minimum distribution." MCGONIGLE obtained the funds to send the $6,000 check to Victim 2 after accepting a check for $70,000 from Victim 3—after falsely telling Victim 3 that he was going to invest that amount for her.

20. In or about February and March 2021, after FINRA had barred him from acting as a broker or associating with a broker-dealer, MCGONIGLE falsely told Victim 3 that he had invested her $70,000 with Fidelity.

*Victim 4*

21. On or about August 11, 2020, MCGONIGLE texted Victim 4 and asked if he could email Victim 4 a form to sign. MCGONIGLE added that the form was "about consolidation of the other accounts." After Victim 4 provided MCGONIGLE with his email address, MCGONIGLE texted Victim 4 that he had sent the form. MCGONIGLE instructed Victim 4 to "sign the 2 pages at the x and email it back to me. Don't date it. Thanks."

22. In fact, MCGONIGLE sent Victim 4 a blank Partial Surrender/Withdrawal Request form, which Victim 4 signed and returned to MCGONIGLE, leaving the rest of the form blank as instructed—including the date, withdrawal amount, and where the money should be sent.

23. On or about August 14, 2020, MCGONIGLE posed as Victim 4 in a call to Nassau RE to determine the value of Victim 4's annuity.

24. On or about August 14, 2020, MCGONIGLE faxed the Partial Surrender/Withdrawal Request form that Victim 4 had signed, with the form filled in to request $39,000 from an annuity account in Victim 4's name, ending in 5237, to Nassau RE in Albany, New York. MCGONIGLE caused the funds from the withdrawal to be mailed to IFS in Raynham, Massachusetts.

25. On or about August 21, 2020, MCGONIGLE deposited Victim 4's funds into an account MCGONIGLE controlled at Rockland Trust. Victim 4 did not receive any of the funds.

26. On or about March 16, 2021, MCGONIGLE instructed Victim 4 to withdraw $53,000 from an Athene annuity account in Victim 4's name, ending in 1196. After taxes, the net

5

withdrawal was $44,997. On or about March 23, 2021, MCGONIGLE directed Victim 4 to deposit the $44,997 check Victim 4 had received from Athene into Victim 4's bank account, and then write a check to MCGONIGLE for the same amount and mail it to MCGONIGLE at his home address. .

27. After Victim 4 sent a personal check for $44,997 to MCGONIGLE, MCGONIGLE deposited the funds into a Capital One bank account MCGONIGLE controlled on or about April 9, 2021. Over the next two months, MCGONIGLE withdrew nearly all of the funds in cash. When Victim 4 texted MCGONIGLE for an update on "the money we took out of the Athene account" on or about June 7, 2021, MCGONIGLE falsely replied that it was "[b]eing worked on."

*Victim 5*

28. On or about January 24, 2015, MCGONIGLE faxed a Contract Owner Withdrawal Form for the full contract value—approximately $39,000—from an annuity account in Victim 5's name, ending in 3390, to Nationwide in Columbus, Ohio. Victim 5 did not authorize this transaction. MCGONIGLE caused the funds from the withdrawal to be mailed to IFS in Raynham, Massachusetts.

29. On or about January 27, 2015, MCGONIGLE deposited Victim 5's funds into an account MCGONIGLE controlled at Rockland Trust. On or about March 16, 2015, MCGONIGLE caused $29,000 of these funds to be deposited into an annuity account with Athene on behalf of Victim 5. MCGONIGLE did not invest the remainder of the funds on behalf of Victim 5.

30. Victim 5 provided MCGONIGLE with signed blank checks from Victim 5's bank account for MCGONIGLE to use to make investments on behalf of Victim 5. Between on or about May 5, 2016 and on or about March 1, 2019, MCGONIGLE wrote four checks on Victim 5's account out to IFS for a total amount of $144,800, which MCGONIGLE deposited into a bank

6

account MCGONIGLE controlled at Rockland Trust. On or about May 17, 2016, MCGONIGLE caused $26,000 of these funds to be deposited into an investment account with Fidelity Investments on behalf of Victim 5. MCGONIGLE did not invest the remainder of the funds on behalf of Victim 5, but instead wrote checks to himself from the Rockland Trust account.

## COUNTS ONE-THREE
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury charges:

31. The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

32. On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

## PAUL R. MCGONIGLE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | July 31, 2018 | Facsimile of Partial Surrender/Withdrawal Request for $23,000 from account ending in 6146 in the name of Victim 1 from Massachusetts to Nassau RE in Albany, New York |
| 2 | April 13, 2020 | Facsimile of Partial Surrender/Withdrawal Request for $60,000 from account ending in 7176 in the name of Victim 2 from Massachusetts to Nassau RE in Albany, New York |
| 3 | August 14, 2020 | Facsimile of Partial Surrender/Withdrawal Request for $39,000 from account ending in 5237 in the name of Victim 4 from Massachusetts to Nassau RE in Albany, New York |

All in violation of Title 18, United State Code, Section 1343.

COUNT FOUR
Mail Fraud
(18 U.S.C. § 1341)

The Grand Jury further charges:

33. The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

34. On or about the date set forth below, in the District of Massachusetts and elsewhere, the defendant,

PAUL R. MCGONIGLE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme and artifice, deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier, and take and receive therefrom, any such matter and thing, and knowingly caused to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon the following:

| Count | Approximate Date | Mailing |
|---|---|---|
| 4 | October 28, 2020 | Mailing via FedEx of $6,000 check from Middleboro, Massachusetts to Victim 2 in Boynton Beach, Florida |

All in violation of Title 18, United States Code, Section 1341.

## COUNT FIVE
## Aggravated Identity Theft
## (18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

35.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

36.     On or about April 13, 2020, in the District of Massachusetts, the defendant,

## PAUL R. MCGONIGLE,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the signature of Victim 2, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count 2 of this Superseding Indictment.

All in violation of Title 18, United State Code, Section 1028A(a)(1).

## COUNT SIX
## Investment Adviser Fraud
## (15 U.S.C. §§ 80b-6 & 80b-17)

The Grand Jury further charges:

37. The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

38. At various times beginning no later than February 2015 and continuing through in or about May 2021, in the District of Massachusetts and elsewhere, the defendant,

### PAUL R. MCGONIGLE,

being an investment adviser, by the use of the mails and instrumentalities of interstate commerce, directly and indirectly, did willfully (i) employ devices, schemes, and artifices to defraud clients; (ii) engage in transactions, practices, and courses of business that operated as a fraud and deceit upon clients; and (iii) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative.

All in violation of Title 15, United State Code, Sections 80b-6 and 80b-17.

## COUNTS SEVEN-EIGHT
## Money Laundering
## (18 U.S.C. § 1957)

The Grand Jury further charges:

39.  The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

40.  On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

## PAUL R. MCGONIGLE,

did knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, as set forth below, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341.

| Count | Approximate Date | Description |
|---|---|---|
| 7 | August 21, 2020 | Deposit of $39,000 into Rockland Trust account ending in 5719 |
| 8 | April 9, 2021 | Deposit of $44,997 into Capital One account ending in 7535 |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

41. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1341 and 1343, set forth in Counts One through Four, the defendant,

PAUL R. MCGONIGLE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

a. $20,717.59 in U.S. currency, seized from Rockland Trust account number x5719, on or about June 17, 2021, held in the name of Paul R. McGonigle, DBA Integrated Financial Services; and

b. $2,998.19 in U.S. currency, seized from Capital One account number x7535, on or about June 17, 2021, held in the name of Paul McGonigle.

42. If any of the property described in Paragraph 41, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 41 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

43. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Seven and Eight, the defendant,

PAUL R. MCGONIGLE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. $20,717.59 in U.S. currency, seized from Rockland Trust account number x5719, on or about June 17, 2021, held in the name of Paul R. McGonigle, DBA Integrated Financial Services; and

   b. $2,998.19 in U.S. currency, seized from Capital One account number x7535, on or about June 17, 2021, held in the name of Paul McGonigle.

44. If any of the property described in Paragraph 43, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 43 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
KRISTEN A. KEARNEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: February __1__, 2022
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK